IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Criminal Case No. 08-mj-1069-BNB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. ADHAM NAFEA, a/k/a Adham Hassan Hassanain Hassan Nafea,

Defendant.

_____

**ORDER**
_____

This matter is before me on the **Government's Emergency Motion, Pursuant to 18 U.S.C. § 3145(a), for Review and Revocation of Pre-Trial Release Order** [Doc. # 5, filed 5/6/2008] (the "Motion for Revocation").

The defendant is charged by a complaint in this district under 18 U.S.C. § 371 with conspiracy to commit offenses; 21 U.S.C. § 963 with conspiracy to import Schedule IV controlled substances; 21 U.S.C. §§ 952(b), 960(a)(1), and 960(b)(4) with attempt to import Schedule IV controlled substances; and 21 U.S.C. §§ 841(a)(1) and 841(b)(2) with attempt to distribute and possess with intent to distribute Schedule IV controlled substances. He apparently was arrested in the Middle District of Florida, where he appeared before a magistrate judge for a preliminary hearing and a detention hearing in connection with the charges pending here. The magistrate judge in the Middle District of Florida found probable cause of a crime and bound the matter over for further proceedings. He also found that conditions of release exist which reasonably assure the defendant's appearance at court dates and the safety of the community, and

he entered an Order Setting Conditions of Release on May 1, 2008. See Doc. # 5-2.

The government invokes the provisions of 18 U.S.C. § 3145(a) and seeks an order revoking the Order Setting Conditions of Release and, instead, an order of detention, arguing that the defendant is both a risk of flight and a danger to the community. Section 3145(a), 18 U.S.C., provides in relevant part:

> **(a) Review of a release order.** --If a person is ordered released by a magistrate judge, or be a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court--
>
> **(1)** the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release. . . .

In United States v. Cisneros, 328 F.3d 610 (10th Cir. 2003), the Tenth Circuit Court of Appeals held, under similar circumstances:

> The Bail Reform Act of 1984 provides two avenues through which a release or detention order can be reconsidered prior to review on appeal by a court of appeals. The first avenue is provided by 18 U.S.C. § 3142(f) [concerning reopening a detention hearing]. . . .
>
> By its terms, this section applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order. In addition, reconsideration is permissible under this section only when there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community.
>
> The second avenue is provided by 18 U.S.C. § 3145(a) and (b). These sections permit the government or a defendant to file a "motion for revocation" of a release or detention order. However, such a motion is only permissible "[i]f a person [has been] ordered released [or detained] by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court. . . ." Section 3145 also

2

> requires that the revocation motion be filed with the court having
> original jurisdiction over the offense, but unlike § 3142(f), § 3145
> does not require that new information be available before a release
> or detention order can be reconsidered and revoked.

Id. at 614.

In this case, the government has followed the second avenue. Under these circumstances, the circuit court has required that "[t]he motion should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction." Id. at 615 (emphasis added).

By text entry, this matter was referred to me. Under the rule of United States v. Cisneros, the Motion for Revocation must in the first instance be heard by a district judge and may not be heard by a magistrate judge.

IT IS ORDERED that the Clerk of the Court shall cause this matter to be drawn to a district judge for a ruling on the Motion for Revocation consistent with the requirements of 18 U.S.C. § 3145(a) and United States v. Cisneros, 328 F.3d at 615.

Dated May 6, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge